# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CYNTHIA JOHNSON,

                Plaintiff,

v.

CROWDVEST LLC,

                Defendant.

Case No. 24-CV-1293-JPS

**ORDER**

      In October 2024, Plaintiff Cynthia Johnson ("Plaintiff") filed a putative class action complaint against Defendant Crowdvest LLC ("Defendant") for "routinely violat[ing] 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without . . . prior express invitation or permission." ECF No. 1 at 1. Defendant failed to file a responsive pleading or otherwise defend against the action following timely service of process. ECF No. 3; Dec. 30, 2024 text order; Fed. R. Civ. P. 12(a)(1)(A)(i). In January 2025, Plaintiff requested, and the Clerk of Court entered, default against Defendant. ECF No. 4 and Jan. 16, 2025 docket entry.

      Now before the Court is Plaintiff's motion for leave to conduct discovery related to class certification and damages. ECF No. 5. For the reasons discussed herein, the Court will grant the motion to the extent that

it seeks leave to conduct limited discovery related to class certification and damages.¹

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in certain proceedings not relevant here, "or when authorized by these rules, stipulation, or by court order." That said, "courts have considerable discretion in deciding whether, and to what degree[,] discovery in regards to class certification issues should go forward." *Loy v. Motorola, Inc.*, No. 03-C-50519, 2004 WL 2967069, at *3 (N.D. Ill. Nov. 23, 2004). Courts have granted leave for such discovery where the defendant defaulted and, "absent limited discovery to obtain information relevant to the issues of class certification and damages, [the plaintiff] cannot pursue h[er] claims in th[e] action." *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

The Court will grant Plaintiff's motion for leave to conduct discovery to identify members of the potential classes and to determine their damages. The only reason that Plaintiff has not yet been able to confer with Defendant under Rule 26(f) such that Plaintiff could begin discovery without the Court's leave is because Defendant has apparently ignored this

---

¹The motion also purports to request that the Court "reserv[e] jurisdiction on the issue of damages and to otherwise reserve ruling on a final damages determination" and that the Court "[p]ermit[] Plaintiff to seek a default judgment, both as to the individual Plaintiff and the putative Class . . . ." ECF No. 5 at 5. The Court will deny this portion of the motion, because Plaintiffs have provided no authority to support that the Court must reserve jurisdiction in this scenario. Further, Plaintiff is permitted by Rule 55 to move for default judgment, so she may accordingly move for default judgment as contemplated in the rules. *See* Fed. R. Civ. P. 55. Because Plaintiff's requested relief is unnecessary, the Court will deny the motion as moot in this respect.

action. *See* ECF Nos. 3 and 4; Dec. 30, 2024 text order; *Sheridan*, 244 F.R.D. at 522 ("Since [the defendant] has not appeared in this action and is in default, [the plaintiff] is effectively precluded from engaging in a Rule 26(f) conference."). Plaintiff's discovery as permitted under this Order should be "limited." *Sheridan*, 244 F.R.D. at 522 (granting leave to conduct "limited discovery relevant to the issues of class certification and damages" (citing *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000))).

After conducting limited discovery reasonably calculated to lead to the discovery of admissible evidence on the issues of class member identification, class certification, and damages, Plaintiff may move to certify the class, if at all, within **sixty (60) days** of this Order.

The Court will further note that Plaintiff presumes that the Court may, by virtue of Defendant's default, deem admitted and accept as true Plaintiff's well-pleaded allegations going to class certification. ECF No. 5 at 3 (noting that three of the four requirements for class certification under Rule 23 "can largely be met based on Plaintiff's uncontested allegations and the face of the subject unlawful telemarketing messages"). To the extent that Plaintiff intends to rely wholly upon her complaint to establish any of the Rule 23 factors in a forthcoming motion for class certification, the Court is skeptical that she may do so. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2010) ("Rule 23 does not set forth a mere pleading standard."); *see also Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) ("On issues affecting class certification . . . , a court may not simply assume the truth of the matters as asserted by the plaintiff."); *Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 597 (7th Cir. 2021) ("[I]n evaluating the Rule 23 factors, a court does not take the plaintiff['s] allegations at face value."). In

other words, it is not at all clear that, even given Defendant's default, the Court may simply rely on the complaint's allegations in determining whether the putative classes should be certified. Ultimately, the Court will defer the issue to when it considers Plaintiff's motion for class certification, should she choose to file one.

Accordingly,

**IT IS ORDERED** that Plaintiff Cynthia Johnson's motion for leave to conduct limited discovery, ECF No. 5, be and the same is hereby **GRANTED in part and DENIED as moot in part**; the motion is **GRANTED** to the extent that it seeks leave to conduct limited discovery and **DENIED as moot** to the extent that it seeks the Court to reserve jurisdiction and permit Plaintiff to move for default judgment;

**IT IS FURTHER ORDERED** that Plaintiff may engage in limited discovery reasonably calculated to lead to the discovery of admissible evidence on the issues of class member identification, class certification, and damages; and

**IT IS FURTHER ORDERED** that Plaintiff may move for class certification, if at all, within **sixty (60) days** of this Order.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge