# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CYNTHIA JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>CROWDVEST, LLC,<br><br>      Defendant. | Case No. 24-CV-1293-JPS<br><br>**ORDER** |

  In October 2024, Plaintiff Cynthia Johnson ("Plaintiff") filed a putative class action complaint against Defendant Crowdvest LLC ("Defendant") for "routinely violat[ing] 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without . . . prior express invitation or permission." ECF No. 1 at 1. Defendant failed to file a responsive pleading or otherwise defend against the action following timely service of process. ECF No. 3; Dec. 30, 2024 text order; Fed. R. Civ. P. 12(a)(1)(A)(i). In January 2025, Plaintiff requested, and the Clerk of Court entered, default against Defendant. ECF No. 4 and Jan. 16, 2025 docket entry. Plaintiff then moved the Court to conduct limited discovery related to a forthcoming motion for class certification. ECF No. 5. The Court granted Plaintiff's motion on March 13, 2025. ECF No. 6. Later in March, Defendant—in its first and only filing on the docket—filed a Rule 68 Offer of Judgment. ECF No. 7.

Now before the Court is Plaintiff's motion to compel discovery from Defendant and request for a status conference, ECF No. 9, and Plaintiff's separate motion to strike Defendant's Rule 68 Offer of Judgment, ECF No. 8. For the reasons stated herein, the Court will grant in part and deny in part Plaintiff's motion to compel discovery, ECF No. 9, and will deny Plaintiff's motion to strike Defendant's Rule 68 Offer of Judgment, ECF No. 8.

1. **MOTION TO COMPEL AND REQUEST FOR STATUS CONFERENCE**

In moving to compel, Plaintiff requests four forms of relief from the Court: (1) a finding that Defendant has "waived all of its objections," (2) an order compelling Defendant to respond to Plaintiff's discovery requests, (3) an award to Plaintiff for her reasonable attorneys' fees in moving to compel discovery; and (4) the scheduling of a status conference related to the issue of Defendant's sporadic participation in this case. ECF No. 9 at 9–10, 11. The Court will grant all forms of relief except for the status conference.

   **1.1   Finding that Defendant Waived Its Objections to Plaintiff's Discovery Requests**

Federal Rules of Civil Procedure 33, 34, and 36 govern the various types of discovery Plaintiff has requested of Defendant here: Interrogatories, Requests for Production, and Requests for Admission. *See* ECF No. 9-1. Rule 33 contains an automatic waiver provision, meaning that a party who fails to timely object to an opposing party's interrogatories will automatically be found to have waived any objections thereto. Fed. R. Civ. P. 33(b)(4). The Court may excuse a party's failure to timely object, but only "for good cause." *Id.* And while Rules 34 and 36 do not contain an automatic

waiver provision, courts have uniformly "permitt[ed] a finding of waiver where objections are not timely made and the objector cannot show good cause for the delay." *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 n.2 (N.D. Ill. 2006) (citing *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) and *McCormick v. City of Lawrence*, No. 02-2135, 2005 WL 1606595, at *4 (D. Kan. July 8, 2005)); *id.* at 398 ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted." (collecting cases)).

In the present case, Defendant has declined to file a response to Plaintiff's motion to compel or in any other way defend its failure to provide responses to Plaintiff's discovery. Defendant has therefore clearly failed to show good cause for its lack of timely objections. Accordingly, the Court finds that Defendant has waived all objections to Plaintiff's previously served discovery, ECF No. 9-1.

### 1.2 Order Compelling Defendant to Respond to Plaintiff's Discovery Requests

"A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request . . . ." *Broan-Nutone LLC v. Conglom Hong Kong Ltd.*, No. 23-CV-393-JPS, 2024 WL 4554024, at *2 (E.D. Wis. Oct. 23, 2024) (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449 (N.D. Ill. 2006)). District courts have "broad discretion in matters relating to discovery," and "there is a strong public policy in favor of disclosure of relevant materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Trib. Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001) and *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

The Court has already determined that Plaintiff is entitled to conduct limited discovery related to class certification and damages prior to moving for default judgment. *See generally* ECF No. 6. In moving to compel, Plaintiff provides ample authority to support that the discovery she seeks is reasonably calculated to lead to information relevant to class certification and damages. ECF No. 9 at 6–9. Because Defendant failed to respond to Plaintiff's motion, it has waived any arguments to the contrary. *See United States v. Doyle*, 693 F.3d 769, 771 (7th Cir. 2012) ("Waiver occurs when a defendant or [its] attorney . . . declines[] to assert a right."). The Court will accordingly grant Plaintiff's motion and order Defendant to respond to Plaintiff's previously served discovery, ECF No. 9-1, by **June 2, 2025**.

### 1.3     Award of Reasonable Attorneys' Fees to Plaintiff

A party who prevails in compelling discovery is entitled to a mandatory award of attorneys' fees incurred in moving to compel unless (1) "the movant filed the motion before attempting in good faith to obtain the discovery without court action," (2) "the opposing party's responses or objections were substantially justified," or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The Court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant[] . . . ." *Id.*

This provision clearly applies here, where Defendant has failed to respond to Plaintiff's discovery requests entirely and has failed to indicate when or whether it will respond, despite Plaintiff's numerous inquiries. ECF No. 9-4. Because Defendant's conduct necessitated Plaintiff's motion to compel, Plaintiff made several good faith attempts to obtain the discovery prior to moving to compel, and Defendant has not demonstrated any reason why an award of expenses would be unjust—indeed, Defendant

Page 4 of 11
Case 2:24-cv-01293-JPS     Filed 05/19/25     Page 4 of 11     Document 11

has not defended against Plaintiff's motion in any way—the Court will award Plaintiff her reasonable attorneys' fees incurred in moving to compel. Accordingly, Plaintiff will be ordered to file a statement of reasonable attorneys' fees related to moving to compel, along with any supporting documentation, on or before **May 27, 2025**. Defendant will then be ordered to pay Plaintiff in accordance with that statement, or to otherwise challenge its reasonableness, within 60 days of its filing.

### 1.4 Status Conference

Plaintiff also requests that the Court schedule a telephonic status conference "to afford the parties an opportunity to address the bizarre procedural posture involving Defendant's pseudo-participation in the case." ECF No. 9 at 9. The Court does not typically hold hearings in this situation, instead ruling based on the written motions and relevant authority. Each issue that is currently before the Court will be disposed of within this Order. Accordingly, Plaintiff's motion for a hearing will be denied. To the extent that Plaintiff finds a hearing necessary in the future, she may again move for one and the Court will consider whether it is warranted at that time.

### 2. MOTION TO STRIKE RULE 68 OFFER OF JUDGMENT

Federal Rule of Civil Procedure 68(a) provides a cost-shifting mechanism whereby a defendant may serve an opposing party with "an offer to allow judgment on specified terms, with the costs then accrued." If the receiving party fails to accept the offer within 14 days, or otherwise rejects the terms of the offer, it is "considered withdrawn," but may be utilized in determining costs, because "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(b),

(d). As a matter of course, "a Rule 68 offer is not filed until it is accepted or until it is presented to the [C]ourt when the defendant seeks to recover costs." *Wilder Chiropractic, Inc. v. Pizza Hut of Southern Wis.*, 754 F. Supp. 2d 1009, 1013 (W.D. Wis. 2010) (quoting 13 MOORE'S FED. PRAC. § 68.03[3] (3d ed. 2010)). For reasons that are unknown to the Court, Defendant did file its Rule 68 offer in this case, however, even though Plaintiff did not accept its terms. ECF No. 7; ECF No. 8 at 1.

Plaintiff now moves the Court to strike the unaccepted Rule 68 offer, though its argument leaves the Court wondering whether it wants the offer stricken from the docket, declared ineffective, or both. ECF No. 8; *see Williams v. Amazon.com, Inc.*, 312 F.R.D. 497, 498 (N.D. Ill. 2015) (noting, in a similar situation, that the plaintiff's "motion to strike" requested two forms of relief: "first, for the court to strike from [the record] the . . . Rule 68 offer; and second, for the court to declare invalid the . . . Rule 68 offer"). The Court will accordingly address both avenues of relief.

Per the Court's protocols, ECF No. 2 at 10–11, Plaintiff conferred with Defendant prior to filing the motion and certifies that Defendant's counsel "stated that he would look into the issue, but did not commit to a voluntary withdrawal." ECF No. 8 at 5. Defendant did not respond to the motion and therefore has waived any arguments in opposition to striking the filing. *Doyle*, 693 F.3d at 771 (7th Cir. 2012).

Plaintiff makes several arguments in support of striking the Rule 68 Offer of Judgment, none of which the Court finds persuasive. First, Plaintiff argues that the Rule 68 offer was "wrongly filed." ECF No. 8 at 1. While that may be the case, Plaintiff provides no support for the Court's authority to strike the offer simply because Plaintiff believes it should not have been filed, especially when Defendant has not conceded that it was filed in error.

Plaintiff separately argues that the motion should be stricken as "procedurally improper" because Defendant is subject to a default and filed the offer without first moving to vacate the default. *Id.* at 3. Once again, Plaintiff provides no authority that suggests the Court should strike the filing in this instance, instead citing only orders that strike *answers* that were filed when the party was subject to default. *Id.* at 3 (citing *United States v. Wade*, No. 16-330-DRH-DGW, 2016 U.S. Dist. LEXIS 121416, at *2 (S.D. Ill. Sept. 8, 2016) and *Emps. & Operating Eng'rs Local 520 v. Sherrell Constr., Inc.*, No. 16-213-DRH-SCW, 2016 U.S. Dist. LEXIS 43805, at *4 (S.D. Ill. Mar. 31, 2016)).

Second, Plaintiff argues that the filed offer is an "act of procedural gamesmanship"; that it is just an "attempt to 'pick off' a named plaintiff to evade class liability." ECF No. 8 at 2. This language of "pick[ing] off" a named plaintiff appears to come from *Mavris v. RSI Enters., Inc.*, which describes "two ways in which defendants attempt to use Rule 68 to pick off class representatives." 303 F.R.D. 561, 563 (D. Ariz. 2014). The first is to attempt to moot the case entirely before the plaintiff can move to certify the class. *Id.* (citation omitted). But this argument is outdated because the Seventh Circuit and later the Supreme Court have expressly held that such an offer to a class representative does not moot the class action if refused. *Chapman v. First Index, Inc.*, 796 F.3d 783, 787–88 (7th Cir. 2015) (overruling prior cases that held "that a defendant's offer of full compensation moots the litigation"); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016) ("[A]n unaccepted . . . offer of judgment does not moot a plaintiff's [class action] case . . . ."). The second method of picking off a class representative is by "threatening the plaintiff with Rule 68's cost-shifting provision before the

class has been certified." *Mavris*, 303 F.R.D. at 563 (citation and internal quotation marks omitted).

Each of the cases Plaintiff cites in support of this argument of gamesmanship, however, precede the Supreme Court's *Campbell-Ewald* decision, wherein the Court "seems to foreclose" the argument that a Rule 68 offer is invalid in a class action case when offered to the plaintiff pre-class certification. *Spice v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 1:16-CV-366-TSL, 2017 WL 4129743, at *1 (N.D. Ind. Sept. 19, 2017) (citing *Campbell-Ewald*, 577 U.S. 153). As a court in the Northern District of Indiana pointed out on a similar motion to strike, if "an offer of judgment made to a named plaintiff before a class is certified is automatically ineffective (whether accepted or not) [and should thus be stricken as such], there would have been no need for the Supreme Court to rule" in *Campbell-Ewald*. *Id.* at *2. But the Supreme Court did rule in *Campbell-Ewald*, and, in doing so, commented specifically on the cost-shifting sanction in Rule 68, declining to limit its application to certain types of cases. *See id.* (citing *Campbell-Ewald*, 577 U.S. at 671). The Northern District of Indiana court thus found "no basis to strike the offer of judgment, or to otherwise rule on its effect." *Id.* The Court here finds the same and will thus deny Plaintiff's motion to strike insofar as it seeks a declaration that Defendant's Rule 68 offer is ineffective. This ruling is consistent with recent decisions from courts within the Seventh Circuit and within sister circuits. *See id.* at *2; *Williams*, 312 F.R.D. at 499 ("Nothing in the text of Rule 68, Rule 23, or any other rule or statute supports the existence of . . . an exception" suggesting that Rule 68 does not apply to putative class actions); *id.* at 500 ("[T]he Seventh Circuit has no problem applying Rule 68 in putative class actions."); *Kepler v. Mike Topanga, Inc.*, No. 8:23-cv-01789-FWS-JDE, 2024 WL

1343304, at *4 (C.D. Cal. Jan. 26, 2024) (denying motion to strike Rule 68 offer); *Murphy v. Labor Source, LLC*, No. 19-cv-1929, 2022 WL 378142, at *25 (D. Minn. Feb. 8, 2022) (same); *Doughty v. CentralSquare Techs., LLC*, No. CIV-20-500-G, 2021 WL 2784470, at *1–2 (W.D. Okla. July 1, 2021) (same); *Davis v. Post Univ., Inc.*, 497 F. Supp. 3d 1252, 1270 (S.D. Fla. 2019) (same); *but see Rathmann v. Ford Motor Co.*, No. 6:21-CV-00610-ADA-JCM, 2023 WL 9105673, at *3–4 (W.D. Tex. Nov. 15, 2023) (granting motion to strike rule 68 offer).

To the extent that Plaintiff seeks the relief of striking Defendant's Rule 68 offer from the docket, it has provided no relevant rules or authority to support this relief. *United States v. Head*, 734 F. Supp. 3d 806, 825 (N.D. Ill. 2024) ("[A]rguments that are unsupported by pertinent authority[] are waived . . . ." (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991))). Accordingly, the Court will also deny Plaintiff's motion to strike insofar as it seeks that Defendant's Rule 68 Offer, ECF No. 7, be stricken from the record. This portion of the relief, however, will be denied without prejudice. If Plaintiff believes that it can bring a good faith motion to strike the Rule 68 offer from the docket, it may renew that portion of the motion, taking care to provide pertinent authority by which the Court should grant such relief.

### III.  CONCLUSION

Plaintiff's motion to compel will be granted insofar as it seeks (1) a finding that Defendant has waived all objections to her previously served discovery, (2) an order compelling Defendant to respond to Plaintiff's previously served discovery, and (3) an award of reasonable attorneys' fees incurred in moving to compel discovery. Plaintiff's motion to compel will be denied to the extent it seeks a status conference at this juncture.

Because Plaintiff has not provided any persuasive authority to suggest that the Court should strike the Rule 68 offer from the docket, nor has it convinced the Court that declaring the offer invalid is appropriate, the Court will deny the motion entirely.

Accordingly,

**IT IS ORDERED** that Plaintiff Cynthia Johnson's Motion to Compel, ECF No. 9, is **GRANTED** in part and **DENIED** in part; the motion is **GRANTED** to the extent it seeks to compel responses to previously served discovery, ECF No. 9-1, and **DENIED** to the extent it seeks a status conference;

**IT IS FURTHER ORDERED** that Defendant Crowdvest, LLC, having waived all objections to Plaintiff Cynthia Johnson's previously served discovery requests, ECF No. 9-1, shall fully respond to those requests, in writing and with production of appropriate documents, on or before **June 2, 2025**;

**IT IS FURTHER ORDERED** that Defendant Crowdvest, LLC shall pay Plaintiff Cynthia Johnson's reasonable attorneys' fees associated with moving to compel discovery within **60 days** from the day Plaintiff Cynthia Johnson files her statement of reasonable attorneys' fees associated with moving to compel;

**IT IS FURTHER ORDERED** that Plaintiff Cynthia Johnson shall file a statement of reasonable attorneys' fees associated with moving to compel along with appropriate documentation, on or before **May 27, 2025**; and

**IT IS FURTHER ORDERED** that Plaintiff Cynthia Johnson's Motion to Strike Rule 68 Offer of Judgment, ECF No. 8, be and the same is hereby **DENIED**; the denial will operate **with prejudice** to the extent it seeks a

declaration that the Rule 68 offer is ineffective and **without prejudice** to the extent it seeks to strike the Rule 68 offer, ECF No. 7, from the docket.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge